UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

RICHARD E. SENNA,
        PLAINTIFF

VS.                                                                         COMPLAINT

RICHARD CICCONE,
KEVIN SWAIN, KEVIN
VIVEIROS, MICHAEL MELLO
AND ROBERTO NUNES, TOWN
OF FAIRHAVEN AND CITY OF
NEW BEDFORD,
        DEFENDANTS

## PARTIES

1. The Plaintiff is a resident of Fairhaven, Bristol County, Massachusetts.

2. The Defendant, Richard Ciccone, (hereinafter referred to as "Ciccone") is a resident of Fairhaven, Bristol County, Massachusetts and is a police officer employed by the Town of Fairhaven, a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts.

3. The Defendant, Kevin Swain, (hereinafter referred to as "Swain), is a resident of Fairhaven, Bristol County, Massachusetts and is a police officer employed by the Town of Fairhaven, a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts.

4. The Defendant, Kevin Viveiros, (hereinafter referred to as "Viveiros"), is a resident of Fairhaven, Bristol County, Massachusetts and is a police officer employed by the Town of Fairhaven, a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts.

5. The Defendant, Michael Mello, (hereinafter referred to as "Mello"), is a police officer employed by the City of New Bedford, a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts.

6. The Defendant, Roberto Nunes, (hereinafter referred to as "Nunes"), is a police officer employed by the City of New Bedford, a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts.

7. The Defendant, Town of Fairhaven, is a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts and operates and maintains the Town of Fairhaven Police Department.

8. The Defendant, City of New Bedford, is a lawfully existing municipal corporation and political subdivision of the Commonwealth of Massachusetts and operates and maintains the City of New Bedford Police Department.

## JURISDICTION

9. This complaint seeks relief pursuant to section 1983 of Title 42 of the United States Code, based upon violations of rights guaranteed to the Plaintiff, under the 4th and 14th Amendments to the Constitution of the United States.

## FACTS COMMON TO ALL COUNTS

10. On or about May 1, 2013, the Plaintiff was a defendant in a criminal action pending in the New Bedford District Court, in regard to which Ciccone, Swain and Viveiros were present as witnesses for the Commonwealth of Massachusetts. Ciccone was present as the alleged victim in the incident underlying said action, and Swain and Viveiros were present, in the course of their employment as police officers employed by the Town of Fairhaven, as the police officers who had investigated said underlying incident.

11. At said time, the Plaintiff was present in the public lobby of the New Bedford District Courthouse waiting for the commencement of a hearing in said criminal action. Also present, at said time and place, were Ciccone, Swain and Viveiros, for the purpose of acting as witnesses for the Commonwealth of Massachusetts in that action.

12. At said time and place, Mello also was present in the New Bedford District Courthouse, in the course of his employment as a police officer for the City of New Bedford assigned to act as a court officer for the New Bedford Police Department at the New Bedford District Courthouse.

13. At said time and place, Ciccone, Swain and/or Viveiros, acting jointly and severally and under color of law, with the intention of using their status as police officers to influence and instigate Mello to seize the Plaintiff without a warrant, falsely, maliciously and with the intent of causing the Plaintiff to be arrested and charged with the crime of intimidation of a witness in violation of section 13B of chapter 268 of the Massachusetts General Laws, despite knowing that no probable cause existed to support such an arrest and/or charge, informed Mello that the Plaintiff had committed that offense by taking their pictures with his cell phone, while they were present in said public lobby of the New Bedford District Courthouse. Upon being so informed of that alleged action of the Plaintiff, Mello, acting under color of law, without a warrant and under the influence and at the instigation of Ciccone, Swain and/or Viveiros and their status as police officers, despite knowing that said allegations of Ciccone, Swain and/or Viveiros did not constitute probable cause that the Plaintiff had committed any offense and despite knowing that, even if the Plaintiff took such pictures, the Plaintiff had a right to do so, under the 1st Amendment to the Constitution of the United States, seized the Plaintiff and informed the Plaintiff that he was under arrest. Upon doing so, Mello contacted the New Bedford Police Department for assistance, as a result of which Nunes was dispatched to the New Bedford District Courthouse.

14. Upon arriving at the New Bedford District Courthouse, Nunes was informed by Mello of said allegations by Ciccone, Swain and/or Viveiros. Nunes, then spoke with Ciccone, Swain and Viveiros and was informed by Ciccone, Swain and/or Viveiros that

the Plaintiff, while waiting in said public lobby of the courthouse, had raised his cell phone to eye level, with it pointing in the direction of Ciccone, Swain and/or Viveiros.

15. Based solely on said allegations of Ciccone, Swain and/or Viveiros that the Plaintiff's cell phone had been pointed in their direction, Nunes, acting under color of law, then arrested the Plaintiff without a warrant and transported the Plaintiff to the New Bedford Police Station, despite knowing that those allegations did not constitute probable cause that the Plaintiff had committed any offense and despite knowing that, even if the Plaintiff took pictures of Ciccone, Swain and/or Viveiros, the Plaintiff had a right to do so, under the 1st Amendment to the Constitution of the United States.

16. Upon his arrival at the New Bedford Police Station, the Plaintiff was booked and then transported to the Bristol County House of Correction, at which the Plaintiff was held in custody until the following day, at which time he was transported back to the New Bedford District Courthouse, where he was arraigned on a complaint charging him with intimidation of a witness, in violation of section 13B of chapter 268 of the Massachusetts General Laws, which had been issued upon an application to that court by Nunes and which, subsequently, was dismissed by the Court, at the request of the Commonwealth of Massachusetts.

<u>COUNT I - 42 U.S.C. 1983</u>

17. The Plaintiff realleges and incorporates paragraphs 1 through 16 of this Complaint in this Count I by reference.

18. The said actions of Ciccone, Swain, Viveiros, Mello and/or Nunes, acting jointly and severally, took place under color of law and constituted an unlawful seizure of the Plaintiff, in violation of the rights of the Plaintiff to be free from unreasonable searches and seizures, as guaranteed to him under the 4th and 14th Amendments to the Constitution of the United States.

19. As a direct and proximate result of said unlawful seizure, the Plaintiff was caused to suffer damages, including but not limited to emotional distress entailing mental anguish, fear and anxiety, public humiliation, loss of freedom and the physical pain and suffering of confinement in a jail cell, for which Ciccone, Swain, Viveiros, Mello and/or Nunes are jointly and severally liable to the Plaintiff, pursuant to section 1983 of Title 42 of the United States Code.

## COUNT II - 42 U.S.C. 1983 (TOWN OF FAIRHAVEN)

20. The Plaintiff realleges and incorporates herein by reference paragraphs 1 through 19 of this Complaint in this Count II.

21. The said violations of the Plaintiff's rights under 4th and 14th Amendments to the Constitution of the United States, through the said actions of Ciccone, Swain and/or Viveiros, in causing the said seizure and/or arrest of the Plaintiff, were the direct and proximate result of a custom, policy and/or usage of the Town of Fairhaven to fail to train and supervise the officers of the Fairhaven Police Department as to the limitations of the 1st, 4th and 14th Amendments of the Constitution of the United States on the power and

authority of police officers to seize, arrest and/or charge with a criminal offense any person engaging in the act of photographing police officers, witnesses or other persons by use of cell phone cameras in public places, including but not limited to failing to promulgate any policies, procedures, protocols, general orders and/or directives of any kind, to which it requires officers of the Fairhaven Police Department to adhere, in regard to such officers making seizures and/or arrests of persons, as a result of such persons having used cell phone cameras to photograph police officers, witnesses and/or other persons in courthouses or other public places and/or in regard to such officers seeking the issuance of criminal complaints against such persons who took such photographs.

22. The Town of Fairhaven, therefore, is liable to the Plaintiff for his said damages, pursuant to section 1983 of Title 42 of the United States Code.

<u>COUNT III - 42 U.S.C. 1983 (CITY OF NEW BEDORD)</u>

23. The Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 of this Complaint in this Count III.

24. The said violations of the Plaintiff's rights under the 4th and 14th Amendments to the Constitution of the United States, through the said actions of Mello and/or Nunes, in seizing and/or arresting the Plaintiff, were the direct and proximate result of a custom, policy and/or usage of the City of New Bedford to fail to train and supervise the officers of the New Bedford Police Department as to the limitations of the 1st, 4th and 14th Amendments of the Constitution of the United States on the power and authority of

police officers to seize, arrest and/or charge with a criminal offense any person engaging in the act of photographing police officers, witnesses or other persons by use of cell phone cameras in public places, including but not limited to failing to promulgate any policies, procedures, protocols, general orders and/or directives of any kind, to which it requires officers of the New Bedford Police Department to adhere, in regard to such officers making seizures and/or arrests of persons, as a result of such persons having used cell phone cameras to photograph police officers, witnesses and/or other persons in courthouses or other public places and/or in regard to such officers seeking the issuance of criminal complaints against such persons who took such photographs.

25. The City of New Bedford, therefore, is liable to the Plaintiff for his said damages, pursuant to section 1983 of Title 42 of the United States Code.

## RELIEF REQUESTED

Wherefore, the Plaintiff requests that the Court grant the following relief to the Plaintiff:

(a) As to Count I, the Court grant judgment against Ciccone, Swain, Viveiros, Mello and/or Nunes, jointly and severally, for the Plaintiff's said damages in the amount of $250,000.00, plus punitive damages, interest, costs and attorney fees;

(b) As to Count II, the Court grant judgment against the Town of Fairhaven for the Plaintiff's said damages in the amount of $250,000.00, plus interest, costs and attorney fees;

(c) As to Count III, the Court grant judgment against the City of New Bedford for the Plaintiff's said damages in the amount of $250,000.00, plus interest, costs and attorney fees.

<u>DEMAND FOR JURY TRIAL</u>

The Plaintiff demands a trial by jury as to each and every issue contained within this Complaint.

BY PLAINTIFF'S ATTORNEY
/s/Paul W. Patten
PAUL W. PATTEN
SUITE 221
56 NORTH MAIN STREET
FALL RIVER, MA 02720
(508)672-3559
BBO#391400
paulpatten@comcast.net